IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LARRY WAYNE WEBB, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 3:14-cv-01548 |
| | ) |
| MIKE PARRIS, | ) Judge Sharp |
| | ) |
| Respondent. | ) |

## ORDER

Larry Wayne Webb, a prisoner in state custody at the Northwest Correctional Complex in Tiptonville, Tennessee, has filed a petition for the writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction and sentence issued by the Criminal Court for Davidson Count, Tennessee. The $5.00 filing fee has been paid in full.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, this Court is to promptly examine the petition and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Court has conducted a preliminary review of the petition and finds that the petitioner has stated colorable claims for relief, including claims that he was denied the effective assistance of counsel at trial. Accordingly, the respondent **SHALL FILE** an answer, motion, or other response within **30 days** of the date of entry of this Order on the docket.

The petitioner seeks release on personal recognizance pending this Court's review of his habeas petition, citing Rule 23(b) of the Federal Rules of Appellate Procedure. He asserts in support of his motion that he is "absolutely innocent" of the charged offense and that the State cannot show a strong likelihood of success on the merits. (ECF No. 2, at 1–2.) Rule 23(b) provides in pertinent part that, "[w]hile a decision not to release a prisoner is under review, the court or judge rendering the decision, or the court of appeal, or the Supreme Court, or a judge or justice of either court, may order that the prisoner be . . . released on personal recognizance." Fed. R. App. P. 23(b)(3). That provision does not apply, because this Court has not yet issued a decision that is now "under review." Moreover, the Supreme Court and the Sixth Circuit have both recognized that, to receive a bond pending a decision on the merits of a habeas

corpus petition, a petitioner must raise a substantial claim of law based on the facts surrounding the petition and the existence of "some circumstance making the [motion for bond] exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S. Ct. 3, 5 (1964) (Douglas, J., in chambers); *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990). "There will be few occasions where a prisoner will meet this standard." *Dotson*, 900 F.2d at 79. "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). The petitioner has not shown that his case is exceptional or very unusual. His motion (ECF No. 2) is therefore **DENIED**.

The Clerk is **DIRECTED** to serve a copy of the petition and this Order on the respondent and the Attorney General of Tennessee. Rule 4, Rules Gov'g § 2254 Cases.

It is so **ORDERED**.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE